BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

IN RE STA-POWER INDUSTRIES SECURITIES          )
AND ANTITRUST LITIGATION                        )

MAR 27 1974
DOCKET NO. 151
PATRICIA D. HOWARD
CLERK OF THE PANEL

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III*, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

This litigation consists of four actions in four differ-
ent districts against Sta-Power Industries, Inc. and certain closely
related companies and individuals. 1/   Defendant Sta-Power moves
the Panel for an order transferring all actions to the Northern
District of California for coordinated or consolidated pretrial
proceedings pursuant to 28 U.S.C. §1407.  All parties except
plaintiffs in the Colorado action favor transfer of their respect-
ive actions. We find that all of these actions involve common
questions of fact and that transfer to the Northern District
of California will best serve the convenience of the parties

---

*   Although Judge Lord was unable to attend the Panel hearing,
    he has, with the consent of all parties, participated in
    this decision.

1/  Two additional actions were formerly pending in the
    District of Minnesota, Thomas Edward Bray, et al. v.
    Sta-Power Industries, Inc., Civil Action No. 3-73-148-
    Civil, and John Penterman, et al. v. Sta-Power Industries,
    Inc., et al., Civil Action No. 3-73-136-Civil.  Shortly
    before the Panel hearing, the Minnesota district court
    entered an order remanding the Bray action to state court.
    And soon after the Panel hearing, the Minnesota district
    court entered an order dismissing the Penterman action.

- 2 -

and witnesses and promote the just and efficient conduct of
the litigation.

Plaintiffs in these actions allege that defendants'
activities concerning Sta-Power's multilevel sales and distribu-
tion system were fraudulent and in violation of the federal
securities and antitrust laws.  In addition, plaintiffs in three
of the actions purport to represent a class comprised of dis-
tributors of Sta-Power products.

Because all actions in this litigation clearly raise
common factual issues, transfer for coordinated or consolidated
pretrial proceedings is necessary in order to avoid duplication
of discovery.  Transfer will also eliminate the possibility
of inconsistent class determinations.  See, e.g., In re Holiday
Magic Securities and Antitrust Litigation, ___ F. Supp. ___
(J.P.M.L., filed December 27, 1973) and In re Glenn W. Turner
Enterprises Litigation, 355 F. Supp. 1402 (J.P.M.L. 1973).

In opposing transfer, plaintiffs in the Colorado action
argue that few common questions of fact exist between their action
and the other actions in this litigation, that transfer will be
inconvenient to them and their witnesses and that the just and
efficient conduct of their action will be best promoted in
Colorado.  We are not persuaded by these arguments and find that
the criteria for transfer of the Colorado action under Section
1407 are clearly satisfied.  This action raises many factual
issues concerning alleged violations of the federal securities
laws identical to those raised in the other actions in this
litigation.  And in weighing the convenience  of the parties

and attempting to promote the just and efficient conduct of the
litigation, we are compelled to consider the litigation as a whole.
In so doing, we find that the purposes of Section 1407 will be ad-
vanced by transferring all actions in this litigation to a single
district for coordinated or consolidated pretrial proceedings.

Although the District of Arizona has been suggested as the
transferee district for this litigation, we find that the Northern
District of California is the most appropriate forum.  Sta-Power's
home office is located in that district and the vast majority of
documents and anticipated witnesses are located there.  In addition,
there is an action pending in the Northern District of California
brought by the Securities and Exchange Commission against Sta-Power
and Holiday Magic, Inc., another company engaged in multilevel
marketing, which involves factual issues similar to the ones involved
here.  And Judge Lloyd H. Burke, who has been assigned to the SEC
action, has had an opportunity to become thoroughly familiar with
those issues.

Plaintiffs in the Colorado action seek an order from the Panel
dismissing the motion to transfer to the extent that it affects
their action on the ground that they were not included on the
original service list accompanying the motion to transfer.
It is clear, however, that plaintiffs were not prejudiced in
any way.  Plaintiffs concede that they received notice of the Panel
proceedings more than three weeks prior to the hearing.  And,
in fact, they filed a brief opposing transfer of their action
under Section 1407 and also appeared at the hearing and orally

- 4 -

argued their case.  We find that counsel for plaintiffs have had sufficient time to prepare their clients' case and have ably represented them in this matter.  Thus, we must deny their request.

IT IS THEREFORE ORDERED that all actions listed on the attached Schedule A pending in districts other than the Northern District of California be, and the same hereby are, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Lloyd H. Burke for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the action already pending in that district and listed on Schedule A.

SCHEDULE A                                      DOCKET NO. 151

### NORTHERN DISTRICT OF CALIFORNIA

Julio R. Sosa, et al v. Sta-Power              Civil Action
Industries, Inc., et al.                       No. C-72-2121-OJC

### DISTRICT OF ARIZONA

Thurman Linker, etc. v. Sta-Power,             Civil Action
et al.                                         No. 72-428-Phx-WPC

### EASTERN DISTRICT OF PENNSYLVANIA

Joel R. Gravitz v. Sta-Power Industries,       Civil Action
Inc., et al.                                   No. 73-330

### DISTRICT OF COLORADO

Kent Carpenter, et al. v. Sta-Power            Civil Action
Industries, Inc., et al.                       No. C-5265